## LOBDELL vs. PARKER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If there be an agreement for the construction of a sugar mill, the period of prescription of the redhibitory action does not run from its date.

If an insufficient mill be constructed, damages will be decreed, though the party be not put *in mora*—neither can he avail himself of his want of skill.

The article 2509 of the code, does not apply to a workman who undertakes the construction of a mill.

This was a redhibitory action to rescind a contract of sale of the machinery for a sugar mill, on account of defects which were alleged to have rendered it, unfit for the purposes intended.

The defendant pleaded, first, prescription ; and secondly, that the mill was constructed to the best of his skill, and in the same manner that he did similar work for other customers. As to the first ground of defence, the evidence showed, that in February, 1829, an agreement was made by the plaintiff's agent with the defendant, that the latter should make and deliver to the plaintiff on or before the first of July following, a first rate sugar mill, which it appeared was not delivered

until the twenty-second of that month, and this suit was insti-tuted in April, 1830. As to the second ground of defence, the evidence fully established that although the defendant had bestowed his best skill upon the mill, it was wholly unfit for the purposes for which it was intended. The court *a quo* was of opinion, and so decreed, that the seller being in good faith, no more could be recovered than the price. From this judgment, the plaintiff appealed.

*Watts*, for appellant.

1. An undertaker whose work is of bad construction, and unfit for use, is liable for the costs of materials, and construction of the work, and all the damages occasioned by such defective construction.

2. The defendant having furnished a sugar mill wholly defective, and unfit for use, is responsible for its costs, the expense of transportation, setting it up, &c.

*Preston* for appellee.

*Martin, J.* delivered the opinion of the court.

The rescission of the sale of a sugar mill, and damages on account of its total insufficiency, for the object for which it was intended, are asked; the pleas are prescription, the general issue, that the mill was constructed in the best manner the defendant could, and is equal to any he ever made for any of his customers.

The plaintiff had judgment and appealed, and has prayed that the judgment may be amended by adjudging him larger damages.

On the plea of prescription, the appellee's counsel has urged, that redhibitory actions must be brought within one year from the date of the sale, *Civil Code*, 2512, and that this period must be reckoned in the present case, from the day of the contract, because then the appellant or his agent, approved of a set of rollers in the foundry, which pleased him more than any other. Hence it is contended, that these rollers were then *selected.* It is shown the appellee afterwards

*If there be an agreement for the construction of a sugar mill, the period of prescription of the redhibitory action does not run from its date.*

# 330　CASES IN THE SUPREME COURT

refused to sell them to another person. The appellant gave his note for the price, and in the opinion of the appellee's counsel the sale was then completed, this was on the 29th of February, 1829, and the suit was brought after the expiration of a year from that day.

We are of opinion, the first judge did not err in overruling the plea of prescription. On the 29th of February, 1829, the parties agreed the appellee should construct a mill for the appellant and deliver it on a future day. The answer sets forth that "the defendant constructed a sugar mill and juice pan *for the plaintiff* and delivered the same on the 22d of July, 1829." Hence it is clear, that as the appellee agreed on the 29th of February, 1829, to construct a mill, and constructed one *for the plaintiff*, there was none constructed on that day, the property of which may be said to have passed to the appellant on that day. Till the 22d of July following, when the mill was delivered, the appellee might have discharged his obligation by delivering any other mill to the appellant, to whom the property of the mill delivered, did not pass till it was presented to him as the mill agreed on. Till then there was no determinate mill in the appellee's foundry, which the appellant might claim.

On the plea of the general issue, it appears to us, the evidence clearly establishes the absolute insufficiency of the mill. But the appellee's counsel has contended, there was not sufficient legal evidence of the contract being for a *first rate* mill, as alleged in the petition, that this circumstance being denied is not proved, although sworn to by one witness, because there is no corroborating circumstance. The answer admits a mill was constructed for and delivered to the appellant, this entitles him to an action of rescission, if the mill be really unfit for use, even if the contract be not specially for a first rate mill.

It is further urged, that the appellant ought not to recover, as he did not return the mill immediately on the discovering of its insufficiency. The evidence shows that this insufficiency was not discovered till after several attempts to mend or repair several parts of it which appeared at first susceptible of

being rendered available, and that as soon as the impossibility of using the mill was ascertained, notice was given to the appellee.

It is further stated, the appellee was not put *in mora* and therefore, the action was prematurely brought, and the *articles* 1905 *and* 1929 *of the Civil Code,* and the case of *Ervin* vs. *Fenwick,* 6 *Martin, N. S.* 229 *act* relied on. The code in the parts cited and this case, apply to negative or passive breaches of contracts, to cases of nonfeasances, where the party neglects or delays to comply with his obligation ; this is the case of a positive breach of contract, by the delivery of an insufficient mill.

The appellee cannot avail himself of his lack of skill and ability to perform his engagement. He ought to impute to himself his rashness in undertaking a work beyond his skill and knowledge.

But the appellant complains of the insufficiency of the damages adjuged to him. The price paid for the mill with legal interest, being all that was given, and he was decreed to return the mill.

The judgment is based on the *article* 2509 *of the Civil Code,* which provides that the seller, who knew not the vices of the thing sold, is only bound to return the price and reimburse the expenses occasioned by the sale, and these incurred for the preservation of the thing.

This article would have been applicable to the present case if the purchasers had stood to each other in the simple relation of seller and purchaser ; as if the appellee had been a merchant, selling an imported mill. The parties would then be presumed to have had equal opportunities of viewing the thing sold, and to become acquainted with its good and bad qualities, and neither of them would have been bound to be better acquainted therewith.

But the record presents to us the case of the owner of an iron foundry, undertaking to construct a mill for a sugar planter, receiving the latter's notes for the price, and thus becoming a debtor of the mill ; and thus bringing himself under the provisions of the articles 2740 and 1928, of the Civil Code.

EASTERN DIST.
*January,* 1832.

LOBDELL
*vs.*
PARKER.

If an insufficient mill be constructed, damages will be decreed, though the party be not put *in mora*— neither can he avail himself of his want of skill.

The article 2509 of the Code does not apply to a workman who undertakes the construction of a mill.

One of these provides, that if an undertaker does not execute the work in the manner contracted for, he is liable for the losses that may ensue. The other declares, that when the object of a contract is any thing but the payment of money, the damages due to the creditor for the breach are the amount of the loss which he has sustained, and of the profits which he has been deprived of. When the debtor has been guilty of no fraud or bad faith, he is only liable for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract.

The principle is well illustrated by *Pothier* in his treatise on obligations: If I purchase from a cooper a cask, into which I put foreign wine, or other liquor of immense value, which I lose on account of some defect in the cask, he is not responsible to me for the whole value of such foreign wine or liquor, but only for the value of the contents of the cask of the best wine made in the country, because there is no evidence that he contemplated, nor can it be presumed that it entered into his contemplation that the cask would be used for the keeping of foreign wine or liquor of immense value ; but if the cooper appeared to have been guilty of fraud or bad faith, as if he had sold me the cask knowing it to be defective, then his liability would extend to all my loss indiscriminately, whatever might be the value of the liquor.

In the present case, as no fraud or bad faith is alleged against the defendant, his liability must extend to such items as are to be presumed to have entered into his contemplation at the time of the contract.

These are, the price of the mill ; the expenses of carrying it to the appellant's plantation, and those attending the putting it up and taking it down ; the proper attempts to render it available. These are the losses which must have been contemplated as attending the delivery of an insufficient mill. Next, the sugar and molasses, which the appellant failed to make ; these are the profits of which he was deprived, but these must not be valued at the price at which they are sold

in market, for the expenses of grinding, manufacturing, carrying to market, &c., must not be taken into consideration.

Taking all these matters into consideration, it has appeared to us the appellant is entitled to recover four thousand dollars.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the appellant recover the said sum of four thousand dollars from the appellee, with costs in both courts, and that he deliver the mill and every part thereof to the appellee, on his first application, on the appellant's plantation, or at whatever place it may be, within thirty days, until the expiration of which, execution shall not issue on the judgment.