| 10 | 685 |
| 47 | 587 |

## J. L. OVERTON *v.* ED. SIMON.

Plaintiff sued for an amount less than $300. Defendant claimed $1200 in reconvention. *Held :* That the Supreme Court is without jurisdiction as to the judgment on the original demand.

One who undertakes the superintendence of a work which is defectively executed, is responsible, in the absence of proof that the failure in his undertaking was owing to an unforeseen accident or uncontrolable event, for any direct loss or injury resulting from his negligence or want of skill.

APPEAL from the District Court for the Parish of St. Martin, *Dupré*, J. *J. W. Walker*, for plaintiff. *A. Deblanc*, for defendant and appellant.

LEA, J. The plaintiff claims $160 for having superintended the moulding and burning of 160,000 bricks, at the rate of $1 per thousand.

For answer, the defendant avers that the plaintiff was employed by his overseer, *John Hollander*, to superintend the moulding and burning of a brick kiln, which he had instructed his overseer to make on his plantation for the purpose of constructing extensive works and improvements thereon, but that, owing to the defective manner in which the work was done, the kiln was a failure, and that he was thereby put to great expense, trouble and inconvenience in executing the brick works which the said brick kiln was intended for, by reason of which he has sustained damages in the sum of $1200, which he claims in reconvention.

The plaintiff's claim being for less than $300, we are not at liberty to examine the correctness of the judgment appealed from, so far as it is unconnected with the reconventional claim. Assuming then, that the plaintiff rendered services under his contract to the extent allowed and recognized by the judgment appealed from, our enquiry is confined exclusively to the question of damages. The obligation and liability of the plaintiff are not to be tested by the assumption of a contract to deliver any given number of bricks; he was merely employed to assist and superintend the execution of a work undertaken by the overseer of the defendant in accordance with his instructions. But the evidence establishes beyond a doubt that the kiln turned out badly, a large portion of the bricks being unfit for use; and it does not appear from the evidence that this failure on the part of the plaintiff was attributable to any unforeseen accident or uncontrolable event. The plaintiff is therefore responsible for any direct loss or injury which the defendant may have sustained from his negligence or his want of skill. It is shown, that about 20 slaves belonging to the defendant were employed by *Overton* during nearly two months, and the hire

OVERTON
*v.*
SIMON.

of those slaves is estimated by one of the witnesses at from 75 cents to $3 per day; the defendant, however, estimates the damage sustained by him from the loss of time and labour of his slaves at $300, an amount far below the estimate of the witness. It appears also, that there was a waste of wood amounting to nearly fifty cords, (more than one half of the kiln being worthless,) which are valued by witnesses at from $1 to $1 50 per cord. We think, considering the whole testimony, that the defendant has sustained an actual loss of at least $350, in consequence of the waste of time and labor of his slaves, and the waste of cord wood caused by the negligence or want of skill of the plaintiff in executing his contract.

It is therefore ordered that, so far as relates to the judgment in plaintiff's favor for the sum of $75, the appeal be dismissed, and that as relates to the re- . conventional demand of the defendant, the judgment appealed from be reversed, and that the defendant, *Edward Simon*, do have and recover of the plaintiff, *James L. Overton*, the sum of $350 with costs of suit, together with the costs of this appeal.