### L. D. MILLER *v.* R. STEWART.

In an action by an overseer for his wages, a plea in reconvention may be set up by the defendant, claiming damages for the unlawful killing of one of the negroes by the overseer.

An overseer is not permitted to chastise the slaves of his employer with unusual rigor, nor to maim or mutilate them, or to expose them to the danger of loss of life.

APPEAL from the District Court of Carroll, *Farrar*, J.   Tried by a Jury.   *L. Selby*, for plaintiff.   *E. Sparrow, Short & Parham*, for defendant and appellant.

VOORHIES, J.   The plaintiff sues to recover the sum of $800 for services alleged to have been rendered by him as overseer on the defendant's plantation, at the rate of $400 per annum, from the 18th of March, 1853.   He alleges that he was discharged and sent away by the defendant, without any good cause, previous to the expiration of the last year, to wit : on the 18th of June, 1854, and is, therefore, entitled to the whole of his salary.

The defendant, in his answer, after a general denial, pleads specially that he had not only good, but urgent cause for discharging the plaintiff as overseer; because said plaintiff, on the 8th of June, 1854, in total disregard of his duties as such overseer, most wantonly and cruelly whipped to death one of his negroes, named *Tom*, of the value of $1250, which he claims as damages in reconvention; and also pleads payments made by him on account of the plaintiff's demand.

Upon the issues thus presented by the pleadings, the cause was tried by a Jury, who gave a verdict in favor of the plaintiff for the sum of $344 15. The defendant, after an unsuccessful attempt to obtain a new trial, took the present appeal from the judgment rendered on said verdict against him.

The fact that the slave *Tom* was chastised by the plaintiff with unusual and excessive rigor, is, we think, conclusively shown by the evidence in the record. All the witnesses concur in their testimony as to the extreme severity of the whipping; one of them says that he had been very badly whipped; that from his neck to his heels, there were stripes on him so close together, that the witness could not put his finger between them; that the witness was a planter in the neighborhood, and had had a good deal to do in the management of negroes, and had seen a good many bad ones, but had never before seen one whipped so badly as the one in this case, whose punishment appeared to him to be unusually severe. There is not a scintilla of evidence showing that the slave *Tom* was vicious or that his character was bad; nor was there any attempt to show the nature of the offence which brought upon him such severe punishment. The plaintiff in his letter to the defendant merely states that it was for abusing his wife. The overseer may correct and chastise the slaves of the planter who employs him, but he cannot do so "with unusual rigor, nor so to maim or mutilate them, or to expose them to the danger of loss of life, or to cause their death." 3 An. 618. There were two physicians at the *post mortem* examination. One of them thinks that the death of the negro was produced by over exertion and exhaustion, and the other by the whipping or treatment of the overseer; that he did not see from his examination anything to induce him to believe that he died from disease; that, in some cases, excessive whipping will produce death by exhaustion. Whether the chastisement in this instance was the immediate or remote cause of the death of the negro, it appears to us to be quite immaterial. If he died of exhaustion, the plaintiff was, under the circumstances, certainly guilty of gross negligence in not taking proper care of him when he retired to his cabin. In the case of *Kennedy* v. *Mason*, 10 An. 519, similar in its features to the present, we held the overseer bound. See also *Humphreys* v. *Switzer*, 11 An. 320.

Under the circumstances of this case, the defendant had the clear right to discharge and send away the plaintiff, as overseer, before the expiration of the year.

We are of opinion that the defendant is entitled to recover from the plaintiff the sum of $1200, which is proved to be the value of his slave, deducting therefrom $344 as the balance due the plaintiff on his salary as overseer.

The Judge *a quo* did not err in overruling the plaintiff's objection to the plea of reconvention. The plea was clearly connected with and incidental to the main action.

It is, therefore, ordered and decreed that the judgment of the court below

be avoided and reversed; and it is further ordered and decreed that the defendant recover of the plaintiff the sum of eight hundred and fifty-six dollars, with legal interest from the date of the present judgment, and that the plaintiff and appellee pay the costs of both courts.