## RIZAN & LOMBAS v. WARREN PRESCOTT.

Where there is only a passive violation of a contract, by the contractors leaving the work before it was completed,according to the terms of the contract, and the proof shows that the work could have been completed at no great expense, the putting in default is a prerequisite to the recovery of damages.

APPEAL from the District Court of the Parish of Lafouche, *Roman*, J. *E. W. Blake*, for plaintiffs. *C. Belcher*, for defendant and appellant.

MERRICK, C. J. The principal question in this case is, whether the defendant has been put *in mora*, so as to enable the plaintiffs to recover damages for loss of time and for profits not made.

The plaintiffs were the owners of a steam saw mill, with an "upright" saw. They entered into a contract with the defendant to attach to this machinery a circular saw, which the defendant warranted should cut 3,000 feet of lumber per day. It seems the upright saw was also to remain in its place to be used alternately with the circular saw, as occasion might require. The price was to be $350.

The defendant attached a circular saw, but, on trial, it did not saw more than 1,300 feet per day. This saw, it is made probable, might have been made to cut the quantity required by straightening and stiffening the saw, (by adding some washers,) and increasing the "feed," (so called,) and filing the saw. These changes would have cost, say, fifty or sixty dollars.

It is in proof, that the plaintiffs never accepted the work, neither did the defendant tender or deliver the same to them.

The proof of the putting the defendant *in mora* is, that when *Prescott* was catching his horse to go to Thibodeaux, after an ineffectual trial of the mill, one of the plaintiffs sent some one to him to ask him, if he had completed his contract? And he made no reply. One witness says, he said he could do no more with the mill. Another says, he met the defendant returning to see what work was to be done on the mill, when he was arrested by the information that the plaintiffs had already taken down the work.

In the interval, between the departure of the defendant to Thibodeaux and his returning, the plaintiffs having taken the opinion of some workmen, as to the capacity of defendant's mill, entered into a contract with other parties for the putting up of a larger circular saw, and a new carriage, &c., and the removal of the upright saw. This was, of course, more expensive than defendant's contract.

RIZAN<br>v<br>PRESCOTT.

Plaintiffs claim $1,400 damages for the loss of profits, &c., occasioned by the delay, as well as for money advanced the defendant. The latter reconvenes for the price of his work, according to the contract. The verdict and judgment were for plaintiffs for five hundred dollars, and defendant appeals.

This case appears to us to be controlled by the case of *Gobet* v. *Municipality No.* 1, 11 An. 301. The proof makes it at least probable that defendant's mill, at no great expense, could have been made to cut the 3,000 feet specified in his contract. The plaintiffs to whom, according to their own testimony, the mill had not been delivered or by them accepted, ought, if they wished to claim damages, to have put the defendant in default. The uncertain proof offered in this case, is not the equivalent of the putting *in mora*.

The case of *Lobdell* v. *Parker*, 3 La. 330, differs from the present, in the fact, that the defective mill was there *delivered* the plaintiff, and the suit was to rescind the contract and recover damages.

The case of *Morton* v. *Pollard*, 9 La. 174, presented a question as to the admissibility of evidence. It does not support the reporter's note of the case, as cited in plaintiffs' brief.

We do not discover any proof in the record, of money advanced the defendant by the plaintiff.

The defendant appears to stand in the same relation to the contract as the plaintiffs, and is in no better condition to recover.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant on the plaintiffs' demand, and in favor of the plaintiffs on the reconventional demand; and that the plaintiffs pay the costs of both courts.