## EDWARD CONERY *v.* JAMES O. NOYES.

Where there is an active violation of the contract, damages are due from the moment the act of contravention has been done, and the creditor is under no obligation to put the debtor in default, in order to entitle him to his action. So, where a defendant accepted and used a stemboat, without objection, he can still recover from the plaintiff damages in reconvention, on a contract unskillfully executed.

APPEAL from the Sixth District Court of New Orleans, *Leaumont,* J.

*Durant & Hornor for plaintiff.*—The verdict of the jury in this case is equivalent in law to a verdict on the defendant's reconventional demand in favor of this plaintiff; that, in error, the judge of the lower court reserved the right of defendant to sue respondent in a new action; and though a fair trial has been had before the jury on this reconvention, and a virtual verdict thereon rendered, permission is given to renew the same litigation hereafter, contrary to well settled principles of law. *Interest rei publicae, ut sil finis litium.*

Wherefore, respondent prays that the judgment appealed from be amended, and final judgment rendered in his favor on the defendant's reconventional demand; that, in all other respects, the judgment be affirmed, with costs and general relief.

*Atocha & Howe for defendant and appellant.*—The judge, before whom the case was tried, erred in charging the jury that, "if the defendant accepted and used, without objection, the steamboat Bella Donna when she came from the hands of the plaintiff, he cannot recover, in reconvention, damages for failure of plaintiff to perform his duty in the premises."

In support of this doctrine, the judge cites the case of *Loreau* v. *Declouet,* 3 La. p. 1, and *Dyer* v. *Seals,* 7 La. p. 134.

The illustration, in the opinion of the judge, drawn from the art of portrait painting, is not in point. The plaintiff did not make and deliver to us a steamboat; if he had, we might, after a fair trial and acceptance, have been bound to pay him its real value; but no such state of facts is in this case. The facts are, that the plaintiff, as lessor of his professional skill, undertook to superintend the construction of the defendant's steamboat, built upon the defendant's barge with the defendant's materials, and with labor paid by the defendant. The boat has always been the defendant's. The plaintiff has furnished to her nothing but his professional supervision, and this has proven to have been an injury. With what reason, then, can it be said that because the defendant has retained in his possession and use a boat which has always been his and always in his possession, he cannot maintain an action against the plaintiff for malpractice in his professional employment.

So with the case of an apparatus for a broken leg, instanced by the judge below. That is not in point. The real illustration is a broken leg itself. If a surgeon sets my broken leg, and sets it so unskillfully that it is unduly distorted, can he reply to my claim for damages (precisely similar to the claim in reconvention in the case at bar), "you cannot recover because you have accepted and used your leg since I had it under my charge?" We think not. But the doctrine of the judge below, if car-

CONERY
v.
NOYES.

ried out fully, would require me to abstain from walking (or limping) until my suit should be decided. It is equivalent to saying to the defendant in this case : "You had no right to try or use your steamboat at all. You should have abandoned her and let her rot until your case could have been tried. The fact that you are in possession of your own boat precludes you from suing for damages to the boat."

The cases of *Loreau* v. *Declouet*, and *Dyer* v. *Seals*, then, merely establish this : that a plaintiff who has delivered incomplete work, which has been accepted, may recover its actual value, but they by no means decide that the defendent, in the same action, may not recover, in reconvention, damages against the same plaintiff. On the contrary, when construed with the case of *Overton* v. *Simon*, and the other cases cited under the first point of this argument, they clearly show the contrary. The spirit of these cases, as stated by Mr. Hennen with precision in his Digest, edition of 1861, p. 1025, No. 4, as follows :

"In commutative contracts, a partial performance authorizes a recovery to the amount to which the other party is benefited, after deducting the damages sustained by a failure to perform the other parts of the agreement." 3 L. 1, 4 L. 465, etc.

The jury neglected to make any finding upon the claim of the defendant. Whether this arose from the erroneous charge of the judge, or from ignorance on the part of the jury, is impossible to determine. But the fact remains that the claim of the defendant was pleaded, proven and submitted to the jury, and yet remains undecided by them. It should be sent back to a jury for decision. *Johnston* v. *Bagley*, 4 La. p. 334; *Welsh* v. *Barrow*, 9 R. p. 520.

The cases cited by the judge below, in opposition to this view, are not in point. The first, *Kelly* v. *Caldwell*, 4 La. p. 40, was a case where damages were claimed by plaintiff, an actor, for breach of contract, and the defendant reconvened and charged the breach to have been occasioned by the plaintiff. There was but one question, one breach of contract, in the case, and the court very justly decided that a verdict in favor of the latter was a verdict against the former.

But, in the case at bar, as in the case of *Overton* v. *Simon*, it is not impossible for both parties to recover, the plaintiff for his labor, and the defendant for his damages; and the rule, in *Johnston* v. *Bagley*, applies, namely : that the defendant cannot be put out of court with the pleasing assurance that he may bring a new suit, but that he is entitled to have a finding upon its pleadings and evidence.

The other cases cited by the judge below are equally inapplicable. *Erwin et al.* v. *Bissell et al.*, 17 La. p. 92, was an action to compel compensation of a judgment, and the question we are considering, coming up quite indirectly, was disposed of thus : "Admitting that it might have been assumed as error that the jury took no notice of the reconvention, yet no objection was made to the form of the verdict on the appeal, and in our opinion the judgment forms the authority of the thing adjudged."

The case of *Theriot* v. *Henderson*, 6 An. 222, is based by the court upon that of *Kelly* v. *Caldwell*, and should be limited to the state of facts reported in the latter.

LABAUVE, J. Petitioner alleges that the defendant employed him as his agent to superintend the building of the steamer Bella Donna, to purchase materials and supplies for the said boat ; that no amount was specified as the value of services, which are well worth $300 per month, commencing 1st December, 1863, to 21st March, 1864, making $1,100, for which he prays judgment.

The defendant answered by a general denial, and that plaintiff, representing himself to be skillful in such matters, engaged himself to respondent to superintend certain repairs of the steamer Bella Donna, about November, 1863, and that, in violation of his agreement, the plaintiff conducted and superintended said repairs so unskillfully and extravagantly, that the said repairs cost upwards of $40,000, instead of $22,000, as he had promised, and that he has suffered damages to the amount of $32,000, which he pleads in reconvention, and for which he prays judgment.

It was admitted on trial that plaintiff was employed by defendant, as set forth in plaintiff's petition, and that his services were worth the sum of $300 per month, if he faithfully performed the duties of his profession and employment.

After the case had been tried, and was about being submitted to the jury, the defendant took a bill of exceptions to that portion of the charge of the court which states : " that, if the defendant accepted and used, without objection, the steamboat Bella Donna, when she came from the hands of the plaintiff, he cannot recover, in reconvention, damages for failure of plaintiff to perform his duty in the premises."

The jury found a verdict for plaintiff for $1,100 ; and the court, after having overruled a motion for a new trial, gave judgment accordingly, and the defendant took this appeal.

We are of opinion that our learned brother below erred in his charge excepted to. If the plaintiff performed his contract unskillfully, and in such a manner as to cause damages to the defendant, it was an active violation of the contract; and the receiving and using of the steamboat by defendant cannot be considered as a discharge of plaintiff's liability and responsibility to the defendant. C. C. Art. 1926. *Lobdell* v. *Parker*, 3 L, 331. *Morton* v. *Pollard*, 9 L. 174. *Overton* v. *Simon*, 10 A. 685. *Miller* v. *Stewart*, 12 A. 170. *Nicholson* v. *Desobry*, 14 A. 81.

It is therefore ordered, adjudged and decreed, that the verdict of the jury be set aside, and that the judgment appealed from be annulled and avoided, and the case remanded, to be proceeded in according to law; the appellee to pay the costs of appeal.