## No. 810.

## M. T. GORDY *v.* P. A. VEAZEY.

Where plaintiff excepted to the ruling of the court *a qua* which permitted the defendant to establish by witnesses the value of certain items of the work sued on by plaintiff, on the ground that plaintiff having sued for the value of the work as a whole, without setting any specific value on its separate items, and the defendant having substantially accepted in his answer the issue presented, the testimony offered was not confined to said issue;

Held—That the exception was not well founded. The sum total of the bill sued on being composed of various items, it was competent for the defendant to show by witnesses the separate value of each of the items which made up the aggregate work in order that the correctness of the general charge might be properly arrived at.

A party for whom work has been done on a certain building is not barred from offering any proof of damage on account of the unskillfulness of the work because of his having taken possession of the building.

The testimony of a witness to establish that plaintiff had, before the instituting of his suit, presented to the defendant a bill in which he charged less for his work than the amount for which he has sued, was properly received.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train,* J. *Caffery & Foster,* and *L. H. Montanye,* for plaintiff and appellant. *Joseph A. Breaux,* for defendant and appellee.

MORGAN, J. Plaintiff took his bill of exception to the ruling of the court which permitted the defendant to establish by witnesses the value of certain items of the work sued for by plaintiff on the ground that having sued for the value of the work as a whole, without setting any specific value on the separate items of the work, and the defendant having substantially accepted in his answer the issue presented, the testimony offered was not confined to the issue, but was calculated to take him (plaintiff) by surprise.

If the testimony offered could have the effect of taking plaintiff by surprise, this might have been a ground for applying for a continuance, but it was no ground upon which the reception of the testimony could be successfully objected to. The sum total of the bill sued on is composed of various items. It was competent for the defendant to show, by witnesses, the separate value of each of the items which made up the aggregate work in order that the correctness of the general charge might be properly arrived at. The testimony was, therefore, properly admitted.

The second exception to the ruling of the court is to the reception of testimony on behalf of the defendant to show damages which he claimed to have sustained on account of the unskillfulness of plaintiff's work. The objection was that the defendant was barred from offering any proof of damage after having taken possession of the building. We do not see why the defendant should be debarred from defending himself against what he considers an extravagant demand for repairs done to his property, simply because he took possession of it. He may have been unaware of the unskillful workmanship of his employe until after he had taken possession of his property. He may

have been, by necessity, forced to take possession of his property, whether the repairs were properly done or not. The evidence was properly received.

The third exception to the ruling of the court was to his' admitting the testimony of a witness to establish that plaintiff had, before the institution of this suit, presented to the defendant a bill in which he charged less for his work than the amount for which he has sued. The ruling was correct. We do not see why a defendant who is sued for the value of work done on his property should not be enabled to show by the plaintiff what value he placed upon the work immediately after it was completed. Neither do we know any law or see any reason why a man who presents a bill for the value of work done should be allowed, because the bill is not paid, to sue for a larger sum than the amount originally claimed. There would be some authority for this in case the stipulation was that the work should be paid for the moment it was completed—the cash might be an inducement for a diminution of price, for he who pays later, pays less. But there seems to have been no stipulation in this regard between the parties to this suit.

The fourth exception is to the time when the judgment was signed. But this exception is not referred to in appellee's brief, and, we presume, as it has nothing to stand upon, that it is abandoned.

## ON THE MERITS.

Plaintiff contracted to do certain work for the defendant for $650. He also contracted to do certain other work for which he was to receive no stipulated price for which he charges $1350, making his whole bill $2000. He has received $1159 25, and he sues for the balance, $840 75.

The defense is that the work was not worth the sum charged, and that it was not done in a workmanlike manner.

The plaintiff and his witnesses (who were his journeymen) all swear that the work was done; that it was done in a workmanlike manner, and that it was worth the price charged.

The defendant and his witnesses swear that the work was not done in a workmanlike manner, and that it is not worth the sum charged. They say that the roof leaked and the work was not well done. Plaintiff says that the slates were not good, and that the lumber upon which they were placed, as well as the lumber used in other work done by him, was green and liable to shrink, and that the leak in the roof is attributable to the shrinkage and to the breakage of the slates caused by bricks and shells having been thrown upon them. Defendant and his witnesses say the leak was caused by the unworkmanlike manner in which the slates were put on; and that most of the umber was selected by plaintiff.

In short, as is usual in such cases, each party and his witnesses swear directly contrary to the other. Under such circumstances, it is impossible to do absolute justice between the parties. Both complain of the judgment of the district court, and both may, perhaps, suffer. But if they do, it is their own fault. Their troubles would not have been difficult to arrange had they made a contract for the whole of the work, as they did for a portion of it.

On the whole, we see no reason to distrust the judgment, in so far as relates to the value of the work. There is, however, error in the judgment, which neglects to give a privilege on the building upon which the work was done, and, in this regard, it must be amended.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be amended, and that the plaintiff be decreed to have a privilege upon the building upon which the repairs were made for the amount of the judgment rendered in plaintiff's favor; and that, thus amended, it be affirmed; appellees to pay the cost in both courts.