No. 2012
Second Circuit Appeal
——
HARRY BORROSKY vs. HILL, HARRIS & CO., INC.
——
(January 12, 1925, Opinion and Decree)
——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations—Par. 160, 165.**
One who moves into a house built on his land does not necessarily thereby accept it, nor is he thereby estopped from showing in court that the house was not built according to contract nor that the workmanship is defective.

2. **Louisiana Digest—Appeal.—Par. 625.**
The finding of the trial judge on matters or fact concerning the performance of a building contract being clearly correct is affirmed.

Appeal from the Twelfth Judicial District Court, Parish of Rapides. Hon. J. A. Williams, Judge.

This is a suit to collect the cost of repairing a leaky roof improperly constructed by the contractor and for damages caused thereby. There is a reconventional demand by defendant contractor for changes and alterations, which were not paid for.

Judgment for plaintiff and defendant in reconvention.

Plaintiff appealed.

Judgment affirmed.

White, Holloman & White, of Alexandria, attorneys for plaintiff, appellant.

Overton & Hunter, of Alexandria, attorneys for defendant, appellee.

ODOM, J. Plaintiff sues defendant for the sum of $315.00, alleged to be due on account of defendant's failure to complete in a workmanlike manner a residence which defendant had contracted to build for him. He alleges that defendant was to erect the residence in a workmanlike manner and deliver the same to him in good condition,

but, he says, the roof was bad and leaked and that it will cost $275.00 to repair it, and, in addition, the paper in the house was damaged by water to the extent of $25.00, and that defendant failed to complete some bookcases and some papering, the estimated cost to complete them being $15.00.

Defendant in answer set up that it completed the building according to plans and specifications and denied that it is due plaintiff anything. And assuming the position of plaintiff in reconvention, it alleges that the plaintiff did, during the construction of the building, order and direct certain changes and alterations in the work and ordered some fixtures more expensive than originally contemplated, and that the total charge for extra work and extra fixtures amounted to the sum of $172.96, for which amount it reconvened and asked for judgment.

The trial judge found that defendant is due plaintiff the sum of $65.00, and that plaintiff is due defendant the sum of $164.05, and rendered judgment accordingly. Plaintiff has appealed.

Defendant, plaintiff in reconvention, answers the appeal asking that plaintiff's demand be rejected in toto and that otherwise the judgment be affirmed.

ON THE PLEA OF ESTOPPEL

Defendant sets up the plea of estoppel as against plaintiff's demands based on the fact that plaintiff moved into the residence and used it long before any claim was made for damages on account of defective workmanship or materials.

We do not think the plaintiff estopped himself to claim damages on account of his moving into the house. There is nothing to show that he made formal acceptance of the work and specially approved the roof, which he now claims is bad.

He had a right to go into the house. He was already in possession of it by virtue of the fact that it was built on his land. He who possesses lots or lands possesses also houses erected thereon. Furthermore, failure of the defendant, contractor, to do the work in a workmanlike manner and to construct the residence in accordance with the specifications was an active violation of his contract, and the moving into and using of the house by plaintiff cannot be considered a discharge of defendant's liability to respond in damages in case it should develop that the work is defective.

If the point raised by counsel for defendant be well taken, an owner of real estate could be deprived of taking possession of his own property, in cases of this kind, until and unless he chose to waive his right to require a building contractor to repair defects in the building. Such is not the law.

See Edward Comoz vs. Nayes, 17 La. Ann. 201.

Levy vs. Schwartz, 34 La. Ann. 200.

Police Jury vs. Johnson, 111 La. 278, 284, 35 South. 550.

Where the court said: "We adhere to the decision cited by learned counsel (34 La. Ann. 214), in which it was held that a person who performs a contract unskillfully on the premises of a person who has contracted for a first-class outfit or a person who could not do otherwise than accept the situation, does not thereby waive damages."

Defendant cites in support of his position the case of Clark vs. Kempter, 3 Rob. 10.

We do not think that case is authority for holding that the mere fact of moving into a building is such an acceptance of the work as to preclude the owner from claiming damages for defect in workmanship or material.

The facts in that case are quite different from those in this case. The other case, DeLambre vs. Williams, 36 La. Ann. 330, cited by counsel, is not in point, as in that case the owner had **expressed** satisfaction with the work and had paid for it.

In the case at bar, plaintiff did not **express** satisfaction with the work. And it appears that he paid for the work, the full price, before the work was ever begun. He mortgaged his property and delivered the notes to the contractor when the contract was entered into.

Not only was the house built on his lot, but he had paid the price, so that he was in a manner forced to accept the house, such as it was.

### ON THE MERITS

We have carefully read the testimony; we find it conflicting, as is usual in such cases. Some of the witnesses called by plaintiff think the entire roof on one side of the building should be torn off and a new one put on. We can see no reason why it should be necessary to tear away this roof. There is no suggestion by anyone that any of the material is bad. Some of the witnesses think the whole trouble arose on account of there being two kinds of shingles. The builder started the roof on one side with a certain kind of shingle. There were not enough of this kind to finish the roof and they had some conference with the plaintiff, and whether he agreed to the use of another kind to finish the roof is not clear. That really makes no difference. The facts are that another kind of shingle was used. It is contended that these did not join or combine well with the others; hence the leaks. If that

be true, certainly there would be no necessity for tearing off the entire roof. The most that should be expected of the contractor, if he should be required to remove any of the roof and put on a new one, would be to remove that part of it made of the kind of shingle not originally agreed upon, and complete the roof with the proper shingle. According to plaintiff's contention, that would remove all defects.

But we are not informed as to what that would cost. Plaintiff witnesses say that the entire roof should be removed and replaced with a new one. We see no reason why that should be done.

Expert roof men testified that the roof can be repaired and made perfectly good at a nominal cost.

That was the view taken by the trial judge and in that view we concur.

We are satisfied also that defendant furnished material and did work for plaintiff not originally contemplated and that plaintiff should bear the expense.

As to the amount that should be allowed on each side: We have carefully gone over the estimates and figures of the different witnesses and are convinced that our brother of the District Bench has meted out full justice to both litigants. There is no way to be exact in matters of this kind. We note that the District Judge interrogated some of the witnesses, thereby demonstrating his desire to get all the facts. He is doubtless personally acquainted with all of the witnesses. He at least saw them and heard them. We attach great weight to his findings.

For the reasons assigned the judgment of the lower court is affirmed.