On Rehearing
PONDER, Justice.
This is a suit to recover from a building-contractor and -his bondsmen $4,042, the amount required to remedy faulty construction; for legal interest from judicial demand; and for attorney’s fees in the sum of $250. The demands were rejected in the trial court and the plaintiff has appealed.
From our appreciation of the record, it will take the amount sued for to correct the defective construction to conform with the specifications, attached to and made part of the contract.
*145 Three disinterested contractors, two general contractors and a lathing and plastering contractor, testified that most of the plastering in the building was so defective that it would have to be removed and replaced in order to comply with the specifications. They testified that certain materials were omitted in some instances and inferior materials had 'been used instead of those called for in the contract. Their testimony is not contradicted and, according to these witnesses, the amount sued for would be required to correct the faulty construction.
The defense to the suit is to the effect that plaintiff’s suit is barred and, if not barred, that she waived whatever claims she had when she accepted the building. The defendants take the position that the plaintiff’s suit is barred because she failed to institute the suit within one year from the date she accepted the building, which they aver was accepted during the middle of December, 1948. The plaintiff’s suit was instituted on December 30, 1949. Their position is based on their interpretation of a guaranty clause contained in the specifications, the pertinent portion of which reads as follows:
“Unless otherwise called for all material and workmanship shall be guar7 anteed for a period of one year, starting from the date of acceptance of the contract.”
This clause does not' déal with prescription . of actions but merely guarantees the materials and workmanship 'for a period of one year from the date the building is accepted. The defects in construction were ascertained within that period of time when the disinterested contractors examined the building in the fall of 1949. Therefore, the construction failed to meet the guaranty and thé plaintiff had the right to assert her claim for breach of contract within the time prescribed by law.
The defendants take the position that the plaintiff waived whatever claims she had for the defective construction at the time she accepted the building.
It appears that the plaintiff observed some defects in the construction of the building a few days before she accepted it and that a meeting was held at her instance with the contractor and his bondsmen, wherein certain defects in the construction of the building were discussed and that a list of the defects was drawn up by the agent of the bondsmen. This list was turned over to the contractor with the understanding that the defects would be corrected. This list was not presented in evidence and the testimony is very indefinite as to the defects enumerated therein and whether or not they have been corrected. If these defects were corrected, the ones now complained of were not included therein. If, on the other hand, they were not corrected, the contractor has not fulfilled his obligations. In any event, the contract has not been complied with. Much stress has been made over the fact -that the plaintiff had knowledge that the. *147 plaster was defective in the downstairs portion of the house when she accepted the building and stated' that she guessed she would have to “swallow the plaster.” While the plaintiff knew there were some defects in the plaster in the downstairs portion of the house, yet we do not believe she would have accepted the building had she known the extent of the defects which were later ascertained by the independent contractors. She could not have known at the time she accepted the building about the defective plaster in the upstairs portion of the building because her testimony, that she did not go upstairs on account of her illness, is not contradicted. It is not shown that she had knowledge at that time that certain materials were omitted or that inferior materials had been substituted for those called for in the specifications.
It is suggested that the plaintiff’s son, a business man, who was present at the meeting between the contractor, his bondsmen and the plaintiff must have known of the defects at that time and had so informed his mother. The testimony does not establish this fact and we cannot infer it. Especially is this true since the extent of 'the defects was not ascertained until three independent contractors examined the building several months thereafter. This witness testified in effect that he did not bother about the plaster at that time because he .felt that his mother was protected by the guaranty, heretofore mentioned.
The defense of waiver is a special •one and the burden of proof is on the defendants to show that the plaintiff had knowledge- of the defects in construction and that she intentionally waived same.
The courts of this state have held that an owner is not estopped from claiming damages for the breach of a building contract by taking possession and moving into the building. The failure of the contractor to construct the building in accordance with the plans and specifications was a violation of the contract and the taking of possession of the premises by the plaintiff can not be considered as a discharge of the defendants’ liability. Lobdell v. Parker, 3 La. 328, 331; Morton v. Pollard, 9 La. 174; Overton v. Simon, 10 La.Ann. 685; Miller v. Stewart, 12 La.Ann. 170; Nicholson v. Desobry, 14 La.Ann. 81; Conery v. Noyes, 17 La.Ann. 201; Gordy v. Veazey, 25 La.Ann. 518; Levy v. M. Schwartz & Bro. etc., 34 La.Ann. 209; Borrosky v. Hill, Harris & Co., Inc., 1 La.App. 431; Payne & Joubert v. Amos Kent Brick & Lumber Co., 110 La. 750, 34 So. 763; Police Jury v. Johnson, 111 La. 279, 35 So. 550; Di Franco v. Ascani, 13 La.App. 2, 127 So. 76. The rule in regard to a waiver is stated in 56 Am.Jur. Verbo “Waiver”, par. 12, page 113, thus:
“The essential elements of a waiver, within the definitions already given, are the existence, at the time of the alleged waiver, of a right, advantage, or benefit, the knowledge, actual or constructive, of the existence thereof, and an intention to relinquish such *149 right, advantage, or benefit. Voluntary-choice is of the very essence of waiver.”
Waiver involves both knowledge and intention and it follows that ignorance of a material fact negatives waiver. Waiver can result only from the intentional relinquishment of a known right. Utley v. Donaldson, 94 U.S. 29, 24 L.Ed. 54; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Women’s Catholic Order v. City of Ennis, 5 Cir., 1940, 116 F.2d 270; Champion Spark Plug Co. v. Automobile Sundries Co., 2 Cir., 1921, 273 F. 74; Hirsch v. Isaac Joseph Iron Co., 3 Cir., 1922, 278 F. 924.
The failure of the contractor to construct the building in accordance with the contract was an active breach of the contract on his part. He withheld the keys to the building and refused to deliver possession of the premises to the plaintiff unless she would agree to accept the building with the defects she had complained of. He took the position that the contract had been completed and that he would not correct these defects, he did not withhold the keys and refuse possession of the premises with the view of correcting the defects. Under such circumstances it was his duty to deliver ' the keys and the premises to the plaintiff, it was her property and he had no right to refuse her possession of it. She was by necessity forced to take possession of the .premises irrespective of the defects she had complained of. She had sold the house she was living in and actually needed possession of the premises for her home. Under such circumstances it cannot be said that the plaintiff voluntarily waived any of her rights. Voluntary choice is of the very essence of waiver. The law on this point seems to be well settled and there are many decisions to that effect, some of which are Gordy v. Veazey, supra; Levy v. M. Schwartz & Bro., etc., supra; Payne & Joubert v. Amos Kent Brick & Lumber Co., supra; Police Jury v. Johnson, supra, and Pratt v. McCoy, 128 La. 570, 54 So. 1012.
There is no stipulation in the contract regarding attorney’s fees. We know of no law authorizing the award of attorney’s fees in cases of this nature and none has been cited.
For the reasons assigned, our original decree in this case is set. aside and the judgment of the district court is reversed. There is now judgment in favor of the plaintiff, Mrs. Adolph Dumser, and against the defendants, Henry Efferson and Continental Casualty Company, in solido, in the sum of $4,042 with 5% per annum interest from December 30, 1949 until paid. All costs to be paid by defendants-appellees.
Defendants-Appellees may under our rules apply for a rehearing.