GLADNEY, Judge.
Plaintiffs instituted this action to recover a balance of $1,526.07 allegedly due for construction of a sewerage system in Hem-bling Park Subdivision, Pineville, Louisiana, under a contract with defendant. By way of defense the defendant has tendered a plea of prematurity, averring the work has not been fully performed and plaintiffs have not secured a certificate of acceptance thereof from the project engineer, the contract providing final payment to the contractor shall not be due until 45 days after the filing oí the formal acceptance of the work by the engineer. Plaintiffs have lodged this appeal from a judgment sustaining the plea and dismissing their suit.
The record before us was completed to' accord with Articles 602 and 603 of the Code of Practice, and contains, inter alia,, the pleadings, the written contract between the parties dated December 1, 1955, extracts of the minutes of the Board of Aldermen of the City of Pineville reflecting the reimbursement of the defendant by the city for *724 expenses incurred in connection with the construction of the sewerage system, a letter of Howard L’Heureux & Associates, designated engineers on the project, dated September 1, 1956, estimating the work completed as being 97 per cent, and a statement of facts by the trial judge and his opinion.
The material facts are well established and present no serious controversy. These show the plaintiffs do not contest the estimate of the*project engineer of 97 per cent completion of the work, nor is it claimed the unfinished work has been performed by them subsequent to the date of said estimate. In response to defendant’s assertion the contract has not been completed and he is entitled to withhold the balance according to the terms of the contract until the engineer has issued a letter of acceptance and the same has been recorded, plaintiffs argue the defendant has waived the right to require completion by taking possession of the project and selling it to the City of Pineville, which is operating it, and that such action has also made it impossible for plaintiffs to complete any unfinished work.
In developing Hembling Park Subdivision defendant let to plaintiffs after competitive bidding a portion of the sewerage work required on said subdivision, the contract price of which was $12,016.18. On September 1, 1956, the engineers on the project certified to the defendant that work was 97 per cent complete, recommending the retention from payment of the contract price of $1,526.07, 3 per cent for non-completion and payment of $5,0¿3.36. This payment was made, leaving unpaid on the original contract price the balance involved in this suit. On October 1, 1957, the Board of Aldermen of the City of Pineville adopted a resolution proposing to acquire from the defendant the entire sewerage system in Hembling Park for a consideration of $21,592.64, and the testimony of Farrar, the defendant, is that he was reimbursed $10,-490.13 by the city in June or July of 1958 on that part of the sewerage system constructed by plaintiffs. The record does not disclose when the City of Pineville or the defendant actually began to use the system.
Plaintiffs do not attempt to justify their failure to obtain a certificate of acceptance and file the same in the mortgage records of Rapides Parish in accordance with the terms of the contract, but principally rely upon waiver by the defendant of that requirement. One of the engineers named in the contract testified he had never been requested to make a final inspection nor to furnish plaintiffs with a letter of acceptance.
The contract entered into on December 1, 1955, contains these provisions:
“Final Payment:
“Upon satisfactory completion of the work, the Engineers will issue a written acceptance of the work to the contractor who will immediately thereafter file same with the Recorder of Mortgages in the Parish of Rapides.
“Not less than forty-five (45) days after filing the formal acceptance of the work with the Recorder of Mortgages, provided that all work done under this contract is at that time found to be in good condition insofar as the contractor is responsible for it, the owner will pay the contractor the retained portion of the contract price after deducting therefrom such sums as may be lawfully withheld under any of the provisions of this contract, the said payment being conditioned on the contractor furnishing to the owner a certificate from the Recorder of Mortgages for the Parish of Rapides that the contract is clear of all liens and privileges.” (Emphasis supplied.)
Additional provisions contained in the contract are:
“Partial Payments:
“In the event no special agreements are made, other than written in this contract, not later than the fifteenth day of each calendar month, after work *725 has begun, the owner will make a partial payment to the contractor on the basis of a duly certified approved estimate of the work performed and materials received and accepted during the preceding calendar month, but the owner will retain ten (10) per cent of the amount of each estimate until final completion and acceptance of all ivork covered by this contract.
“Completion — Acceptance:
“When the work is deemed satisfactory, the Engineer will issue his acceptance to the owner, whereupon the owner will issue its acceptance to the constructor. When this acceptance is signed and delivered to fhe Contractor his obligation, as to construction, will be considered terminated.” (Emphasis supplied.)
Counsel for plaintiffs contend a formal certificate of acceptance has been waived by the sale of the sewerage system to the City of Pineville, and its use thereby, relying upon American Well & Prospecting Company v. Lillie Oil Company, 1911, 128 La. 660, 55 So. 8, 9, as sustaining their position. The facts of this case reflect the plaintiff entered into a contract with defendant to drill a well for the price of $7,-500, of which a substantial amount had been paid when suit was instituted. Defendants claimed plaintiff had failed to complete its contract. The well was operated by one of the defendants, Lillie Oil Company, for more than a year without any complaint being made that plaintiff had failed to fulfill its contract. The court held the actions of defendants constituted an acceptance of the contract, and stated:
“It is evident that the oil company, by taking possession of the well and operating it for more tiran a year, without complaint or objection communicated to the plaintiff, accepted the well as up to the requirements of the contract. If the defendant corporation was not satisfied, its representatives should have so notified the plaintiff before taking possession of the work.”
In the instant case the trial court distinguished the facts in the cited case from those evidenced herein and followed the legal principles enunciated in Michel v. Efferson, 1953, 223 La. 136, 65 So.2d 115, 119. The plaintiff there relied upon a building contract clause guaranteeing for a period of one year the material and workmanship involved in the construction of a duplex and produced evidence of defective material and work. The court found the evidence disclosed the construction had failed to meet the guaranty and plaintiff had the right to assert her claim for a breach of the contract within the yearly period provided. The action was defended on the ground plaintiff had accepted the building by occupying it and thereby waived whatever claims she had for its defective construction. The court in justifying its position which rejected the defense of waiver, stated the principles of law applicable in such a case :
“The defense of waiver is a special one and the burden of proof is on the defendants to show that the plaintiff had knowledge of the defects in construction and that she' intentionally waived same.
“The courts of this state have held that an owner is not estopped from claiming damages for the breach of a building contract by taking possession and moving into the building. The failure of the contractor to construct the building in accordance with the plans and specifications was a violation of the contract and the taking of possession of the premises by the plaintiff can not be considered as a discharge of the defendants’ liability. Lobdell v. Parker, 3 La. 328, 331; Morton v. Pollard, 9 La. 174; Overton v. Simon, 10 La.Ann. 685; Miller v. Stewart, 12 La.Ann. 170; Nicholson v. Desobry, 14 La.Ann. 81; Conery v. Noyes, 17 La.Ann. 201; Gordy v. Veazey, 25 La.Ann. 518; Levy v. M. Schwartz & Bro. etc., 34 La.Ann. 209; Borrosky v. Hill, Harris & Co., Inc., 1 La.App. 431; Payne & Joubert v. Amos Kent Brick *726 & Lumber Co., 110 La. 750, 34 So. 763; Police Jury of Parish of Vernon v. Johnson, 111 La. 279, 35 So. 550; Di Franco v. Ascani, 13 La.App. 2, 127 So. 76. The rule in regard to a waiver is stated in 56 Am.Jur. Verbo ‘Waiver’, par. 12, page 113, thus:
“ ‘The essential elements of a waiver, within the definitions already given, are the existence, at the time of the alleged waiver, of a right, advantage, or benefit, the knowledge, actual or constructive, of the existence thereof, and an intention to relinquish such right, advantage, or benefit. Voluntary choice is of the very essence of waiver.’
“Waiver involves both knowledge and intention and it follows that ignorance of a material fact negatives waiver. Waiver can result only from the intentional relinquishment of a known right. Utley v. Donaldson, 94 U.S. 29, 24 L.Ed. 54; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Women’s Catholic Order of Foresters v. City of Ennis, 5 Cir., 1940, 116 F.2d 270; Champion Spark Plug Co. v. Automobile Sundries Co., 2 Cir., 1921, 273 F. 74; Kirsch v. Isaac Joseph Iron Co., 3 Cir., 1922, 278 F. 924.”
In the instant case plaintiffs after being informed by the report of the engineer that the work remained incomplete, did nothing further although under the express terms of the contract a certificate of final approval by the engineer and the furnishing of a lien certificate was made a condition precedent to final payment. It was incumbent upon plaintiffs to comply with the contract. It is not shown to be unusual for completed portions of sewerage systems to be placed in use before other portions have been finished. This enables residents without unnecessary delay to use the system as completed, and we can perceive of no good reason why they should be denied the right to do so while plaintiffs ignore their obligation to finish 3 per cent of the work. We hold there has been no waiver on the part of the defendant of the right to require a certificate of acceptance as provided by the contract before final payment, and until this requirement is met plaintiffs’ demand for payment must be considered premature.
One further contention of plaintiffs is-that the possession and use of the sewerage system by the City of Pineville has made it impossible for them to perform. This premise is not made out and it is without merit as there is no evidence in the record to sustain it.
For the foregoing reasons the judgment from which appealed is affirmed at appellants’ costs.