## B. MAGGOFFIN *v.* COWAN, DYKERS & SPALDING.

A planter shipped his cotton to defendants, merchants in New Orleans. He afterwards wrote to them to sell by the time his brother returned from Texas, a period fixed by a conversation had with him. Cotton was then worth 12½ cents. They did not sell for several months afterwards, when cotton fell to 7 cents. *Held*, that the letter was a positive instruction to sell, and that they were liable for the difference in the price. C. C. 2971, 2972.

The fact that he shipped a subsequent crop to the defendants was no ratification of their acts in the premises.

The prescription of one year to actions for *quasi offences* is not applicable. The case is one *ex contractu* and not *ex delicto*.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *T. Hunton*, for plaintiff. *Dorsey*, for defendant and appellant.

BUCHANAN, J. The plaintiff, a planter, sent to defendants, commission merchants, his crop of cotton, 153 bales, of the year 1850, to be sold for his account. At the time of sending this cotton, he wrote as follows to them, under date of September 10th, 1850, in regard to the sale of the same: "You can dispose of it when you think proper. I have held up for two years, but my impression is

that the sooner sales are effected the better, but of this you will do as you think best, having determined to rely on your judgment in the matter."

On December 10th, 1850, plaintiff wrote again to defendants, as follows: "I take pleasure in introducing to your acquaintance my brother, *Samuel Magoffin,* who is on a visit to San Antonio, and will remain a short time in your city. I have drawn a draft in his favor on you for three thousand dollars, which you will pay when presented, out of the proceeds of my cotton. He will inform you when he will need the money, and you can make a sale to meet it at that time. As to the balance of the cotton, I would like that you would sell it all by the time he returns to your city on his way home, and send me the proceeds by him in drafts," &c. This letter was delivered to defendants by the person mentioned therein, on the 21st December, 1850, and in about one month after that time, *Mr. Samuel Magoffin* returned from Texas to New Orleans, and conversed with defendants, about the 24th January, 1851, just before leaving town on his return home, in relation to the sale of the plaintiff's cotton.

Defendants told him that they had thought it best not to sell the cotton, but would hold on to it with a view of getting a better price. It is proved that, about that time the defendants might have got 12⅓ cents a pound for plaintiff's cotton. They chose, however, to hold on until the month of October following, when they sold the cotton for 7 cents a pound. Plaintiff sues them for the difference between those two prices, say 5⅓ cents a pound, for disobedience of his instructions. The defendants contend, in the first place, that the plaintiff had left it discretionary with themselves when to sell his cotton, and if we had no evidence before us but the letter of September 10th, we would concur in that view. But we regard the letter of the 10th December as a distinct intimation from plaintiff to defendants that the latter must sell, at the latest, by the time that *Mr. Samuel Magoffin* would be on his return from Texas, a period about which there could be no uncertainty, since *Samuel Magoffin* had seen them on his way down to Texas, and delivered to the defendants his brother's letter. We regard the declaration of defendants, made to *Samuel Magoffin* on his return from Texas, that they would hold on for higher prices, as a direct refusal to obey the orders of their principal, for which they are liable to all the loss which the latter is proved to have sustained by the subsequent fall in the price of cotton in the market. C. C. 2971, 2972.

Defendants plead that the plaintiff has ratified the sales made by them of this cotton, and signified his satisfaction with their conduct as his factors, by consigning to them his two succeeding crops, of 1851 and 1852. It is proved that he sent them the crop of 1852. There is no proof in relation to that of 1851. We do not regard this fact as, of itself, a ratification of the defendant's acts in the premises. On the contrary, it is proved that plaintiff notified defendants, in 1852, that he would hold them responsible for the loss suffered by him by the depreciation of cotton between the time of his instructions to sell and the actual sales. Defendants, lastly, plead the prescription of one year, applicable to actions for *quasi offences.* The present action is one *ex contractu,* not *ex delicto,* and is not governed by the prescription in question. See 9th Rob. 296, *Palmer* v. *Smith.*

Judgment affirmed, with costs.