THOMPSON, J.
This suit is on a demand note for $5,488.36, executed by the defendant to the order of the plaintiff. The signature to the note is admitted, but liability for its payment is denied because of a total failure of consideration brought about by plaintiff’s violation of an agreement made at the time of the execution of the note and by certain events occurring thereafter. The answer also sets up a reconventional demand for $50,000 as damages for a breach of an agreement under which the insurance agency of defendant, which was worth to him in commissions between $40,000 and $50,000 was taken from him by a corporation organized at the instance of plaintiff.
The prayer of the' petition is that the demand on the note be rejected and in reconvention that defendant have judgment against the plaintiff for $50,000.
The plaintiff moved to strike from the answer all the allegations except the first four articles, for the reason: (1) That the same set forth no cause of action; (2) that the *548 matters set up are prescribed by one year; and (3) that the demand in reconvention is not necessarily connected with and incidental to the main demand. The motion was sustained to the extent of ordering the re-conventional demand as contained in articles 8 to 38, inclusive, of the answer stricken therefrom, disallowed, and dismissed.
Thereafter the plaintiff took a rule on defendant to show cause why judgment should not he rendered-in plaintiff’s favor on the face of the petition and answer. The rule was made absolute, and judgment without .further evidence or trial was rendered accordingly. The defendant has appealed.
Two questions are presented for determination: First, should the reconventional demand have been dismissed and disallowed on an exception of no cause of action for either of the reasons'urged in the exception; and, second, was the lower court justified in giving the plaintiff judgment on rule and on the face of the papers? A proper consideration of the petition and answer and a correct application of legal principles require that both questions should be answered in the negative.
We are not informed by the record on what ground the trial judge dismissed the reconventional demand. The ruling could not have been based on the third ground of the exception — that the reconventional demand was not connected with nor incidental to the main demand — for the obvious reason that the plaintiff is a nonresident and the defendant is a resident of this state. It is codal law that in eases of diverse residence of the litigants, a demand in reconvention may be instituted for any cause, whether connected with or incidental to the main demand or not. C. P. art. 375.
Nor could the motion have been maintained on the ground that the alleged cause of action was prescribed by one year. The claim for damages does not arise ex delicto, but from the violation of an alleged contract between the plaintiff and defendant, as is clearly set forth in the answer. The prescription of one year does not apply in actions for damages arising ex contractu. Palmer v. Smith, 9 Rob. 390; Maggoffin v. Cowan, 11 La. Ann. 554; Lallande v. Ball, 20 La. Ann. 193. The liability of the plaintiff under the allegations of the answer, if any liability exists, is ex contractu and not ex. delicto.
Since it is obvious that the motion to strike out could not have been based on either of the grounds just referred to, we must assume that our learned brother of the district court was of the opinion that the matters set out in the answer do not furnish a basis for an action in damages. The answer is quite lengthy, containing some 39 separate articles. The material facts, however, may be summarized as follows:
The defendant, Ross, had for many years been engaged in the insurance business in this city, representing various insurance companies. He had represented the plaintiff as general agent for this state for some 13 years immediately preceding the occasion which gave rise to the present suit, and had built up an insurance business, the earnings of which in commissions amounted to something in excess of $40,000 per year.
Owing to the financial stringency and’ the falling off of business and difficult collections in the years 1919 and 1920, the defendant’s business became involved in debt. The plaintiff was the largest creditor, and in the early part of 1921 sent its United States manager to New Orleans to look after collection or the adjustment of the debt due by the defendant.
This manager canceled the agency of the defendant and called a meeting of the latter’s creditors. The result was the organization of a corporation, the majority of the stock of which was controlled by the representatives of the plaintiff, and while the defendant was allowed 45 per cent, of the *550 stock and was admitted as one of the officers of the corporation, the hooks of the corporation and the collections were placed in the control of the plaintiff’s representatives. For several months the corporation, which had thus absorbed the entire insurance business of the defendant, operated at a loss, but later business began to pick up and the corporation’ was able to make some money.
It was at this time that the defendant was requested by plaintiff’s managers and agents'to sever his official and other connections with the insurance business conducted by the corporation and with the agency of plaintiff, under the pretense that a new plan and different method of operation was to be adopted. But instead, the defendant’s connection with the business was fully and finally terminated, and the defendant was notified not to attempt to collect any premiums on business written by him or by the Ross Insurance Agency. Notices were sent out to all of defendant’s former customers not to pay any premiums to the Ross Insurance Agency.
It is alleged that it was the understanding that the note herein sued on by the plaintiff was to be paid out of the commissions' earned from the business which was taken over by the 'corporation organized at the instance of the plaintiff, but the taking away of that business together with its good will from the defendant effectually destroyed all means of paying the note in the manner and from the funds as agreed upon.
Many other facts alleged in the answer might be cited, but we deem what we have stated to be sufficient for the purpose of this decision. If these facts are true (and they must be regarded as true in considering the exception), the defendant has not only been denied the opportunity of availing himself of the only means and instrumentality by which he could have discharged his debt to the plaintiff, but his entire business has been taken from him, and, So far as he is concerned, completely ruined —a business which, according to the affirmative allegations of the answer, brought him in a revenue of over $40,000 per year. Further comment it would seem is unnecessary. The motion to strike out should have been denied.
2. The first five articles of the answer, while admitting the signature to the note, specially and specifically deny any liability on the note, and it is alleged that the consideration for which the note was given had totally failed for the reasons thereafter to be set out. Those reasons are to be found in paragraph or article 17 of the answer, which reads:
“ * * * That the Ross Insurance Agency was merely the vehicle or plan through which the creditors proposed to collect the sums due them and was required to set aside 80 per cent, of its earnings to liquidate the note herein sued on.”
And in article 36 as follows:
“ * * * That it was understood and agreed that the debts of James A. Ross were to be paid from earnings of the Ross Insurance Agency; .that this agreement and understanding was the consideration for signing said note, and it was so understood by the General Accident, Fire & Life Assurance Corporation, that the manner of obtaining the resignation of James A. Ross and leading him to believe a new arrangement was to be entered into and the summary withdrawal of the General Accident Assurance Corporation’s business from the defendant’s office, destroyed the possibility of paying the notes.”
It can hardly be denied that if it be true that a certain per cent, of the earnings of the Ross Insurance Agency, which was under the control of the plaintiff, was to be set aside to take care of the defendant’s note, and the said note was to be paid in that manner, and the plaintiff by its acts placed it beyond the power of the defendant thus to pay the note, there was a failure of consideration of the note. This proposition is conceded in brief of plaintiff’s counsel, wherein he says:
*552 “ * * * The defense of failure of consideration can he made where the maker of the note is promised something in the future by the payee that he has failed to do.”
That is exactly the situation here. The payee of the note agreed that the same should be paid out of the business of the insurance agency taken over by the plaintiff, and that agreement was violated by the plaintiff in putting it out of the power of the defendant to pay the note in the manner indicated by destroying that business.
In view of these alleged facts which were not stricken from the answer (those facts pertaining to the reconventional demand only being dismissed), we are unable to see how plaintiff could have been given judgment on the face of the papers.
In Act 157 of 1912 as amended by Act 300 of 1914, it is declared:
“For the purpose of the trial of such rule [to take judgment on the face of petition and answer] all material allegations of fact contained in the petition and not denied in the answer, and all allegations of fact contained in the answer, shall be deemed and taken as true.”
The facts, alleged in the answer were a denial of any liability on the note for the reason that there had been a failure of consideration, and the facts which would establish this failure of consideration were set out in detail. Under the plain language of the statute these facts were to be deemed true on the trial of the rule. The rule should have'been denied.
For the reasons assigned it is adjudged and decreed that the judgment appealed from be annulled and set aside, and it is now ordered that the exception and motion to strike out from the answer the reconventional demand be overruled, and that the case be remanded to the civil district, parish of Orleans, division <3, to be tried according to law and the viSws heroin expressed. The costs of this appeal to be paid by the plaintiff, and all other costs subject to the final disposition of the case.
Rehearing refused by Division A, composed of O’NIELL, O. J., and ROGERS and BRUNOT, JJ.