106 So.2d 330 (1958)
James H. HUNTER, Plaintiff-Appellee,
v.
L. E. MAYFIELD et al., Defendants-Appellants.
No. 8795.
Court of Appeal of Louisiana, Second Circuit.
March 25, 1958.
On Rehearing October 30, 1958.
*332 Charles M. Peters, Shreveport, for appellants.
Jackson B. Davis, Shreveport, for appellee.
AYRES, Judge.
By this action, a sequel to Johnson v. Hunter, La.App., 88 So.2d 467, plaintiff seeks reimbursement of damages recovered of him by Johnson. Plaintiff, a building contractor, constructed for his own account and for sale a residence in the City of Shreveport, which he sold to Johnson. Pursuant to a verbal contract, the plumbing was installed by defendants, who furnished the materials and fixtures and performed the necessary labor. Following his occupancy of the residence, Johnson sustained damages due to defective plumbing and/or its defective and improper installation. In the aforesaid action Johnson recovered of plaintiff $630.86, with legal interest from judicial demand and costs incurred in that proceeding, the aggregate of which is $812.14. This sum, plus $500 as attorney's fees incurred in the defense of the aforesaid action, plaintiff seeks to recover of defendants herein.
From a judgment in favor of plaintiff, as prayed for, except as to the attorney's fees, defendant has appealed. Plaintiff having neither appealed nor answered defendants' appeal, his claim for attorney's fees may be considered as abandoned. Neither have the defendants urged their exception of no cause and of no right of action in this court and, consequently, said exception is likewise considered as abandoned.
*333 Defendants contend, however, that the trial court erred in its failure to give effect to the prescriptive period of one year applicable to actions in redhibition, as provided in LSA-C.C. Art. 2534. In this regard, it is claimed that since the former action between Johnson and Hunter was one in redhibition, the present action should be so characterized. This, for obvious reasons, does not necessarily follow. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. LSA-C.C. Art. 2520. But, where the defect in the thing sold was such as to merely diminish its value, the buyer may limit his demand to a reduction in the purchase price. LSA-C.C. Art. 2541. Such was the situation in the former action. However, here, no sale whatsoever is involved, only an action for damages for breach of a contract. The character of the action determines the prescription applicable thereto. Therefore, this not being a redhibitory action, the prescription pleaded has no application. The prescription applicable is one of ten years. LSA-C.C. Art. 3544; American Heating & Plumbing Co., Inc., v. West End Country Club, 171 La. 482, 131 So. 466; Bandel v. Sabine Lumber Co., 194 La. 31, 193 So. 359; Transportation Equipment Co. v. Younger Bros., Inc., La.App., 34 So.2d 347; S. H. Hanville Lumber & Export Co., Inc., v. C-B Lumber Co., Inc., La. App., 52 So.2d 61; Landry v. A. & O. Builders, La.App., 60 So.2d 723; Oberling v. Miller, La.App., 86 So.2d 748.
As to the merits of the issues in this controversy, a detailed statement or discussion of the facts is deemed unnecessary as they were fully discussed in our opinion in the former case. Neither does it appear that further amplification could serve any beneficial purpose, particularly in view of the fact that the present record discloses no material difference in the facts of the two cases as would warrant or justify a departure from the conclusions heretofore reached as to the fault or cause of the damages sustained. We heretofore stated:
"It is clear from the proof in this case that the damage complained of was caused by the defective commode and/or its installation. A proper installation would have included an inspection to determine that the mechanism would properly function and automatically shut off the flowing of the water through the intake pipe before the bowl overflowed. Whatever inspection was made, as contended by defendant, did not disclose the imperfection which caused the damage. Such inspection was, therefore, inadequate for the purpose or to forestall the event or calamity which followed. The commode was, therefore, not free of vices and defects at the time the house was sold to plaintiff by defendant." 88 So.2d 467, 471.
It, therefore, follows that defendants breached their contract. Their obligation under the contract extended to whatever is incident to such contract and included, of course, is the obligation to complete the work contracted in a workmanlike manner so that the object contracted will properly function and render the service contemplated by the contract. One of the incidents of this obligation is that the party who violates his contract is liable for the payment of damages which the other party sustained by his default. LSA-C.C. Art. 1930. If an undertaker, such as defendant here, fails to do the work he has contracted to do, or if he does not do it in a manner agreed upon, he is liable in damages for the losses resulting from the noncompliance with his contract. LSA-C.C. Art. 2769.
Neither do the facts established in the present record justify or warrant any departure from the conclusions reached as to the quantum of damages. The record *334 substantiates the findings in the former case. It would be illogical and inequitable to reverse the conclusions heretofore reached except upon the most positive and definite proof. Upon the institution of the redhibitory action aforesaid, defendants were made parties to that action but were relieved from making a defense thereto upon their own motion in the form of an exception of no cause and of no right of action, leaving the present plaintiff therein as sole defendant, who was made to answer, to defend and to respond in damages for the alleged negligent acts of the defendants, notwithstanding the plaintiff's efforts to secure their defense through a call in warranty, which was likewise dismissed on their own motion. The observation has particular application to defendants' present contention that the defect in the plumbing installation was only a matter of a minor adjustment. Nevertheless, whether from a defect in the plumbing fixtures or their installation, or from a minor maladjustment, the water overflowed a commode and the adjoining bedrooms, damaging the carpets. Plaintiff now seeks reimbursement of the damages he was required to pay, the correctness of which has not been seriously disputed.
Finally, the defendants plead that contributory negligence on plaintiff's part bars his recovery. Of the various grounds upon which this plea is predicated, only one needs be noticed. All others are apparently abandoned. It is contended that plaintiff knew of the failure of the commodes in the residence to properly operate prior to the occasion when the rooms overflowed and failed to give notice to defendants of that fact. This plea is without merit. The burden of proof is upon the parties who plead contributory negligence to establish the facts upon which such plea is predicated. There is no conclusive proof or showing by a preponderance of the evidence that defendants or their employees were not notified of the mal-functioning of the plumbing involved. Mrs. Johnson, wife of plaintiff's vendee, notified plaintiff of that fact, who first testified that he informed defendants' employee, then employed in the plumbing of a residence adjacent to the one where plaintiff was working. Although plaintiff testified it was his custom and practice to relay such complaints to the proper parties, he had no independent recollection of giving particular notice in the instant case. However, defendants' employee was not produced as a witness and no explanation was given therefor. Neither did defendants produce as a witness Mrs. Mayfield, who, the record discloses, was in charge of defendants' office and who would more likely have received the complaints or had knowledge thereof. Pretermitting the question as to whether a failure of plaintiff to notify the defendants, as urged, would constitute such contributory negligence as would relieve defendants of their responsibility under their contract, it could only be concluded that defendants have not sustained their burden of proof, particularly in view of the fact that the employee aforesaid was not produced as a witness.
We find no error in the judgment appealed and, accordingly, it is affirmed at appellants' cost.
Affirmed.

On Rehearing
GLADNEY, Judge.
This rehearing was granted because of the insistence of appellant's counsel that we failed to accord proper weight to evidence adduced on the trial of this case, but instead relied strongly upon our findings in Johnson v. Hunter, La.App., 88 So.2d 467.
The contention presupposes we went beyond the record for our findings of fact, but the assumption is unwarranted. The key witnesses in this case and in Johnson v. Hunter were the same and their testimony related to subject matter which brought on the institution of both lawsuits. Nonetheless, *335 a careful and painstaking review of the record fully confirms the findings of fact recorded in our original decree herein.
It is further argued on behalf of Mayfield the record does not contain proof Hunter gave Mayfield timely notice of the unsatisfactory condition of the plumbing and had he done so, the damage would not have occurred. Counsel then reasons that because of this omission of Hunter, Mayfield should be exonerated. The defense is actually one in the nature of a plea of contributory negligence, which is not specially pled, but even had it been, we would have determined it improper. In brief in support of the application for a rehearing appellant's counsel now concedes the action chosen by the plaintiff is by its nature ex contractu. With this we agree as the allegations of plaintiff's petition and the prayer thereof clearly demonstrate. Legal foundation for the action is to be found in the following articles of our LSA-Civil Code, which provide:
"Art. 2769.
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
"Art. 1930.
"The obligations of contract (contracts) extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default."
The effect of our decision in favor of appellee under the authority of these Codal articles is to award damages for losses which ensued by reason of appellant's noncompliance with his contract.
We hold the argument as to Hunter's obligation to notify Mayfield, to be unsound upon several grounds. First, it should be recognized that forasmuch as this is an action ex contractu Hunter was not required to give Mayfield any such notice. The imposition of an obligation of this kind could result only from a stipulation in the contract between the parties, and there was no such provision. An "action on contract" flows from the breach of a special obligation. In this respect it differs from an "action in tort" which flows from the violation of a general duty. The distinction is pointed out in Parro v. Fifteen Oil Company, La. App.1946, 26 So.2d 30, 32.
Secondly, and assuming, arguendo, the law imposes a duty upon Hunter to inform Mayfield of defects existing in the plumbing work before damage might occur, we find every reasonable effort was made to inform Mayfield the commode was not properly working in the Johnson home. Furthermore, undoubtedly the stoppage of the sewer line was a contributing cause of the damage, the existence of which stoppage could not have been anticipated by Hunter, and it became manifest only after the damage had occurred.
Thirdly, we opine the burden of proof was with Mayfield to show he did not receive the notice he thinks he was entitled to receive. He has taken the position the burden of proof as to this fact rested upon Hunter, and contends that had the court so imposed this burden Hunter would have failed in making out his case. Although we have heretofore pointed out that Hunter was not under legal compulsion to give such notice, and, that even if we assume such duty rested upon Hunter, the evidence disclosed reasonable attempts were so made, we go still further, in order to point out the import of LSA-Civil Code, article 2232, which provides that he who claims the execution of an obligation must prove it, and, on the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation. The purpose of appellant's argument is to indict Hunter for having failed to perform a legal duty with *336 consequent exoneration of Mayfield from liability. If such premise is sound, which we deny, the burden of proof under LSA-Civil Code, article 2232 is with appellant. During trial he made no special effort to call a key witness, Mrs. Mayfield, to refute pertinent testimony by Hunter of his attempt to apprise Mayfield of the difficulties Johnson was experiencing with the plumbing. Thus, on the score of want of notice, if it may be considered material, we must find the burden of carrying this weight of the evidence is with the appellant.
A further protest is lodged against our decision. Counsel says his client should not be held responsible as the record shows Mayfield had been away from the job for several weeks before any question of defective plumbing occurred, and, therefore, the court is making him the guarantor of the installation for an indefinite period. We must point out, LSA-Civil Code, article 2232 is again applicable and imposes upon Mayfield the burden of proving facts which could exonerate him from performance of his contract. The evidence indicates defects in the operation of the commode and stoppage of the sewer line were not apparent until after the Johnsons began living in the house. The rule is that where defects in contractual work have not manifested themselves when an owner moved into the building, the owner's acceptance will not preclude recovery for defects. LSA-C.C. art. 2769; Seminary v. Blair, La. App.1951, 52 So.2d 877; Kozlowski v. Fowler, La.App.1954, 71 So.2d 246; In Michel v. Efferson, 1952, 223 La. 136, 65 So.2d 115, 119, the Supreme Court in commenting upon the defense of waiver such as interposed herein, stated:
"The defense of waiver is a special one and the burden of proof is on the defendants to show that the plaintiff had knowledge of the defects in construction and that she intentionally waived same.
"The courts of this state have held that an owner is not estopped from claiming damages for the breach of a building contract by taking possession and moving into the building. The failure of the contractor to construct the building in accordance with the plans and specifications was a violation of the contract and the taking of possession of the premises by the plaintiff can not be considered as a discharge of the defendants' liability. Lobdell v. Parker, 3 La. 328, 331; Morton v. Pollard, 9 La. 174; Overton v. Simon, 10 La. Ann. 685; Miller v. Stewart, 12 La. Ann. 170; Nicholson v. Desobry, 14 La.Ann. 81; Conery v. Noyes, 17 La.Ann. 201; Gordy v. Veazey, 25 La.Ann. 518; Levy v. M. Schwartz & Bro. etc., 34 La.Ann. 209; Borrosky v. Hill, Harris & Co., Inc., 1 La.App. 431; Payne & Joubert v. Amos Kent Brick & Lumber Co., 110 La. 750, 34 So. 763; Police Jury of Parish of Vernon v. Johnson, 111 La. 279, 35 So. 550; Di Franco v. Ascani, 13 La.App. 2, 127 So. 76."
Concluding, and by way of summarizing our findings, after review of the record and reconsideration of our former opinion herein, we hold: first, the evidence adduced upon the trial of this case fully substantiates the judgment as reflected in our original decree; second, the contract between Hunter and Mayfield did not impose upon the former the duty of calling Mayfield's attention to defects in his workmanship before injury occurred by reason of the defective workmanship; and third, that since the burden of proof rests upon the party who seeks to be exonerated from the execution of his contract, it was incumbent upon appellant to show by a preponderance of the evidence circumstances which would have exonerated him from the effects of his faulty workmanship.
Our original decree herein is reinstated and made the judgment of this court.