This is a suit by a contractor to recover an alleged balance due on a building contract. Plaintiff avers that, on September 23, 1944, he entered into a written contract with the defendants to rebuild a house owned by them, located on St. Roch Avenue in the City of New Orleans, for the sum of $3268; that, on October 16th, a supplemental agreement was made for additional work amounting to $89, making the total amount of the contracts $3357; that, immediately after the signing of the contract of September 23d, he began work and proceeded to rebuild the premises in accordance with the agreement; that, during the progress of the work, defendants made several payments on account of the price amounting to $1800 and leaving a balance due of $1557; that, shortly after the last payment (November 3, 1944), he called upon defendants for another payment but that they refused to accede to his request; that, on November 18th, he received a letter from defendants' attorney advising him of the cancellation of the agreement, despite the fact that he had practically completed all the work and was ready and willing to finish his contract, and that he protested against such cancellation and signified his willingness to complete the job.
Defendants admit the contract and the payments thereunder but deny any responsibility to plaintiff for the reason that the work done by him was "botched" and did not benefit their property. They set forth in detail various defects in his job and asserted that the property was in such a deplorable condition, as a consequence of *Page 320 
plaintiff's attempted performance, that they were obliged to enter into a new contract with another contractor for $2955 in order to restore the property to good condition. And, taking the position that they rightfully cancelled the contract with plaintiff by reason of his unskilled efforts, defendants reconvened for damages in the sum of $3450.
After hearing evidence on the foregoing issues, the District Judge, being of the opinion that defendants' complaints were well founded, dismissed plaintiff's suit and granted a judgment for damages in defendants' favor on their reconventional demand in the sum of $398. Plaintiff has appealed.
We do not find it necessary to review the facts of the case respecting the question of plaintiff's defective work as the record is replete with evidence to the effect that plaintiff's attempted performance was unworkmanlike and unsuitable.
Counsel for plaintiff practically concede that their case is hopeless on the facts, as they do not seriously complain that the judge's appreciation of the evidence is faulty. However, they assert that the judgment should nevertheless be reversed for the reason that defendants were without right to cancel the contract without first giving plaintiff an opportunity to comply therewith. Counsel state:
"Under the law, if the plaintiff had failed to comply with his contract, as written, it was the duty of the defendants to put plaintiff in default and to have given him opportunity to complete that contract, and/or remedy any defects in the work if there were any.
* * * * * *
"The defendants in this case did not give the plaintiff an opportunity as the law required, but took it upon themselves to enter into a contract with Mr. Stoll without the knowledge of the plaintiff and without an opportunity on the plaintiff to complete the work."
No authorities are cited by counsel in support of the foregoing proposition. It seems to be their view that defendants did not have the legal right to cancel the contract without first affording to plaintiff an opportunity to comply with his undertaking. In this they err. Article 2765 of the Civil Code provides: "The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require."
And Article 2769 declares: "If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his noncompliance with his contract."
[1, 2] These Articles, dealing with the same subject matter, are to be considered together. By so doing, it seems clear that, where an undertaker has fallen down completely in performance of his contract, or, as in the case here, has performed so unskillfully that his work does not fulfill the object of the contract, the proprietor has an absolute right to cancel the agreement. Of course, if a proprietor is not justified in his complaint respecting the performance of the contract, he renders himself liable to the contractor for all such damages as the latter has sustained under Article 2765. See Wickliffe v. Cooper Sperier, 167 La. 689, 120 So. 52.
[3, 4] On the other hand, if the cancellation of the contract is founded on just ground, the proprietor is entitled to recover the damages he has sustained by reason of the contractor's noncompliance under Article 2769. There is no obligation on the part of the owner to allow a contractor, who has breached his undertaking by the performance of an unskilled and unsuitable job, additional time or opportunity to rectify his work.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 321