LOTTINGER, Judge.
This is a suit in which the plaintiff, Ernest E. Mouton, seeks damages against the defendant, Motors Insurance Corporation, his accident insurance carrier. It is alleged in the petition that plaintiff on February 26, 1949, purchased from the defendant, a standard automobile policy of insurance covering his 1949 Chevrolet automobile, and that on June 28, 1949, plaintiff’s car was involved in an accident which resulted in damages to the car in the sum of $583.95, as shown by an estimate attached to the petition, together with the sum of $27.50 for wrecker charges. The petition then alleges that sixty days 'had elapsed since receipt of satisfactory proofs of loss by the defendant and that the latter’s failure to pay was arbitrary and capricious. The plaintiff prays for damages in the sums first mentioned together with 25% penalty and the sum of $1,000 as attorney fees.
The defendant first filed an exception of no right of action which was apparently referred to the merits. Answering, it averred that its investigators had looked into the accident and that plaintiff had been paid the sum of $27.50 for wrecker charges. Further, it alleged that after several conferences with the plaintiff and his attorneys the former executed a loss or damage agreement whereby the automobile was to be repaired by the Calcasieu Chevrolet Corporation of Lake Charles, Louisiana. Pursuant to this agreement, defendant averred that the aforementioned corporation repaired the vehicle in a workmanlike manner at a total cost of $761.27, less $50 under the deductible clause of the policy. It is then set out, that after the vehicle had been repaired it was accepted by plaintiff, but that a short time later, plaintiff complained of the repairs. As a result of these complaints it is alleged that plaintiff, one of defendant’s adjusters and the shop foreman of the Calcasieu Chevrolet Corporation discussed the matter and the latter agreed to correct any and all faults without cost to plaintiff or anyone else. Finally, it is .alleged that although plaintiff agreed to this proposal he has never turned over his car for the work to be done.
The trial judge rendered a brief written opinion in which he stated that though he thought the plaintiff had made out his case, he failed to find arbitrary action by the defendant which would subject it to penalties. Judgment was signed awarding plaintiff $611.45 and the matter is now before us on a suspensive appeal taken by the defendant.
At the very beginning of the trial counsel for defendant objected to the introduction of evidence relative to the damages claimed on the ground that the amount claimed was not for actual damages, as alleged in the petition, but was for alleged faulty repairing and thus was an attempt to prove a cause of action different from that alleged in the petition. Counsel’s objection was overruled ánd the first point raised ' in defendant’s brief is that this ruling constituted reversible error. From the view we take of the case, however, it is not necessary to discuss this point as we are disposed to rest our decision on other grounds.
While the case presents some few factual questions, it can be fairly said that the evidence and testimony substantiates the allegations of defendant’s answer. The record is clear to the effect that plaintiff did sign the loss or damage agreement and that pursuant thereto work was done on the car by the Calcasieu Chevrolet Corporation and *458 paid for by the defendant. It'is also clear that plaintiff had received the sum of $27.50 for wrecker charges. The pertinent part of the loss agreement is as follows:
“The undersigned hereby expressly agrees that the total loss or damage, occurring on or about the 28th day of June, 1949, for which claim is made, as set forth in the undersigned’s signed Statement of Loss, dated 16 July, 1949, to automobile covered by policy No. 173-04920,. is for repairs and/or re- ' placements all damaged or destroyed parts so as to put vehicle.in the same condition as it was prior to accident— less' $50.00 deductible as called for by policy, plus $27.50 wrecker charges
“This car is to be repaired by Cal-casieu Chevrolet Company of Lake Charles, La.”
The record shows that the above agreement was prepared in the office of plaintiff’s attorney who actually dictated parts of same. Also, there is evidence to the effect that plaintiff himself was the one who specified which company was to do the work. There is some conflict in testimony as to whether, after the completion of the work, the car was “accepted” by plaintiff, but. there is no dispute but that a short time after receiving it he complained to defendant’s district manager and that as a result there occurred a conference between plaintiff, Mr. Duplechin, adjuster for defendant, and Mr. Theriot, shop foreman of Calcasieu Chevrolet Company.' All three of these men agree that the proposal submitted to plaintiff was that the car would be gone over and all necessary adjustments made at no expense to the plaintiff. Also, this work was to be done on Fridays of each week when plaintiff would be in Lake Charles and not using his car. According to Duplechin, the plaintiff pointed out the •defects complained of and agreed to the proposition. This testimony is substantiated by that of Theriot, who stated that although plaintiff agreed to bring back the •car for the adjustments or additional repairs, he failed to do so. According to the plaintiff, however, he never made any such agreement and refused to accept the offer.
Be that as it may, however, the record shows without contradiction that in the damage agreement, the defendant agreed to restore the car to its original condition and that after the work was done and complaint made by the plaintiff, it agreed to make all adjustments necessary and complained of by plaintiff. There is some dispute between the various witnesses as to whether the defects complained of were of a minor or serious nature and the plaintiff’s view of the case appears to be that as the additional repairs necessary were of such a major character, he was entitled to refuse to accept the offer of defendant and the Chevrolet Company to do the work. Without going- into unnecessary detail, we think it sufficient to state that even if the estimates made by other companies and offered in evidence by plaintiff are correct, in our opinion, he is still called upon to have the work done by the company which he originally agreed upon.
We have here a situation where an insured has suffered damage and agreed with his insuror as to how he will be indemnified. After the original undertaking , was made to repair the car, the plaintiff complained that the work was unsatisfactory and the insuror thereupon agreed to correct the defects complained of. Under these .circumstances, we believe that the plaintiff niust comply with his part of the agreement before seeking damages in order to have the work done by others. The plaintiff himself agreed to having the car repaired and only his conduct is preventing the defendant from carrying out its obligation. Under these circumstances, we believe he should be required to allow his car to be repaired as agreed upon and in the event of failure of defendant to restore it to its original condition as agreed upon, he could then proceed to seek damages in order that the work might be performed by others.
For the reasons assigned the judgment appealed from is reversed and plaintiff’s suit dismissed at his cost.
Judgment reversed.