FRUGÉ, Justice Ad hoc.
Writs were granted in this case to review a ruling of the Court of Appeal, First Circuit. 63 So.2d 456.
This is a suit by a car owner against his automobile insurance carrier. Plaintiff avers that he purchased a new Chevrolet automobile in February, 1949; that at the same time he purchased a standard automobile policy of insurance with defendant company covering his automobile against damage by collision; that in June, 1949 while said policy was in effect his car was damaged by collision to the extent of $583.95 ; and that notwithstanding repeated demands, defendant has failed to pay and indemnify, or to repair the losses suffered by plaintiff. Plaintiff asked for judgment of $583.95 against defendant plus $27.50 for towing costs. He also asked for attorney fees and penalties.
Defendant in its answer admitted the issuance of the policy and the collision, but denied the other allegations made by plaintiff. Defendant, in further answering, averred that it had undertaken to discharge its obligation under the policy by having had an estimate made of the damage to the vehicle; that an agreement was reached to have the automobile repaired by a competent firm to the end that plaintiff’s car would be restored to the' condition it was in prior to the collision; that it contracted with the Calcasieu Chevrolet Company to make the repairs; that the' repairs were made at a cost to defendant of $711.26; that the car was accepted by plaintiff; that plaintiff subsequently complained about faulty repairs; that it agreed with plaintiff to. correct these complaints at no cost to plaintiff; but that plaintiff refused to return the car to the Chevrolet Company for correction; that therefore it has discharged all its obligations under the provisions of the contract of insurance.
On the trial of the case, plaintiff introduced evidence to the effect that after the car was repaired by defendant and returned to him, it yet needed $583.95 of repairs to place it in the condition it was in prior to the accident. The estimates introduced showed that the top, the four doors, the door posts, and the hood would have to be removed, repaired and re-aligned. The new top panel that was put on the car to replace the damaged one was not put on straight. Rain and dust were able to freely enter the car because of openings between the closed doors and the cowling. Plaintiff took the position that these repairs yet necessary were of such major character that he was not obligated to return the car to defendant for adjustments or additional *884 repairs. Defendant took the position that only minor adjustments were - needed and that plaintiff’s refusal to return the car was based on plaintiff’s continuous demand for a new car.
- The trial judge awarded judgment of $611.45 in favor of plaintiff and against defendant. The trial judge stated that the proof of damages introduced by plaintiff was to an extent corroborated by witnesses for the defendant. The action of defendant, however, was found to be not arbitrary and capricious, so that plaintiff’s demand for attorney fees and penalties were 'denied.
On appeal the judgment of the trial court was reversed and plaintiff’s demand dismissed'. The Court- of Appeal - took the position that even if the repairs yet to be made were of á major character the plaintiff was obligated to have the work done by the Chevrolet company originally agreed upon; that in the event defendant again failed to restore it to its original condition, plaintiff could then proceed to seek damages in order that the work might be performed by others. Mouton v. Motors Insurance Corporation, La.App.1953, 63 So.2d 456.
: Plaintiff applied for writs to this court, pointing out the conflict in the opinion rendered by the. Court of Appeal, First Circuit, in this case and the opinion rendered by the Orleans Court of Appeal in the case of Vazquez v. Gairens, 1946, 26 So.2d 319, 320. In the latter .case it was held:
“ * * * where an undertaker has fallen down completely in performance of his contract, or, as in the case here, has performed so unskillfully that his work does not fulfill the object of the contract, the proprietor has an abso-" lute right to cancel the agreement.
“ * * * There is no obligation on the part of the owner to allow a contractor, who has breached- his undertaking by the performance of an unskilled and unsuitable job, additional time of opportunity to rectify his work.”
The court in the Vazquez case also recognized the right of the party cancelling the contract to seek damages and to have the work done by others.
We are inclined to accept the reasoning of the case of Vazquez v. Gairens, supra. If this were a case as contended by defendant where only minor adjustments were needed it would seem that plaintiff should comply with defendant’s offer to make all necessary repairs at no cost to plaintiff. But we do not feel that defendant’s contention is correct. We have reviewed the transcript of testimony and we find no manifest error with the findings of the trial judge as to the nature *886 of the repairs yet to be made. They are of such a major character that it would cost $583.95 to make these repairs. Considering that defendant, through the Calcasieu Chevrolet Company, has attempted to restore the car to the condition it was in before the accident, that defendant has spent $711.26 in its attempt and that $583.-95 is yet required to complete the job, it would seem that defendant has fallen down completely in the performance of its obligation, and that plaintiff is not obligated to return the car to defendant in order to allow defendant to rectify its work. Plaintiff has the right to seek the repairs elsewhere and is entitled to recover the cost thereof.
As there seemed to be an honest difference of opinion between plaintiff and defendant as to the necessity of correcting some of the defects plaintiff complained of, we, like the trial court do not feel that defendant’s action was arbitrary or capricious.
Included in the trial court’s award .of $611.45 was $27.50 for towing costs. It was stipulated that these costs had been paid by defendant. This amount was inadvertently included in the award.
For these reasons, the judgment of the Court of Appeal is reversed and the judgxnent of the District Court is amended by deducting therefrom $27.50 and as thus amended, affirmed at defendant’s costs.